MICHAEL N. FEUER, City Attorney (SBN 111529X)
JAMES P. CLARK, Chief Deputy City Attorney (SBN 64780)
james.p.clark@lacity.org
THOMAS H. PETERS, Chief Assistant City Attorney (SBN 163383)
thom.peters@lacity.org
WAYNE H. SONG, Supervising City Attorney (SBN 185473)
wayne.song@lacity.org
BENJAMIN CHAPMAN, Deputy City Attorney (SBN 234436)
benjamin.chapman@lacity.org
200 North Main Street, 675 City Hall East
Los Angeles, California 90012
Telephone Number: 213.978.7556
Facsimile Number: 213.978.8214

Attorneys for Defendants,
CITY OF LOS ANGELES and CHARLES BECK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LOS ANGELES POLICE PROTECTIVE LEAGUE,<br><br>Plaintiff,<br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; and CHARLES BECK, in his official capacity as Chief of Police for the City of Los Angeles,<br>Defendants. | Case No.: 16-cv-03462-JFW-RAO<br><br>**DEFENDANTS CITY OF LOS ANGELES AND CHARLES BECK'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date: August 29, 2016<br>Time: 1:30 p.m.<br>Ctrm: 16 – Spring St. Floor<br>Judge: Hon. John F. Walter<br><br>Action Filed: 5/19/2016 |

## Table of Contents

I. INTRODUCTION ........................................................................................1

II. ARGUMENT ............................................................................................1

A. Plaintiff Essentially Abandons Its Due Process Challenge To Section 1070(h) Of The Charter (Claims 1-3). ..........................................................1

B. Plaintiff's Due Process Challenge To Section 1070(b)(1) Of The Charter (Claim 2) Fails As A Matter Of Law. ..........................................................4

C. Plaintiff's Civil Code § 52.1 Claim (Claim 4) Fails As A Matter Of Law. ..7

D. Plaintiff's Argument In Support Of Its Government Code § 3304(b) Claim (Claims 6 And 7) Ignores The Plain Language Of The Statute. ....................8

E. All Claims Against Chief Beck Should Be Dismissed With Prejudice. ......10

III. CONCLUSION ..........................................................................................11

# **Table of Authorities**

**Page(s)**

**Cases**

*Allen v. City of Beverly Hills*,
911 F.2d 367 (9th Cir. 1990) ....................10, 11

*Am. Alternative Ins. Corp. v. Am. Prot. Ins. Co.*,
2013 U.S. Dist. LEXIS 41992 (E.D. Cal. Mar. 22, 2013)....................9, 10

*Bay Area Rapid Transit Dist. v. Superior Court*,
38 Cal. App. 4th 141 (Cal. Ct. App. 1995)....................7

*Brown v. City of Los Angeles*,
102 Cal. App. 4th 155 (Cal. Ct. App. 2002)....................1, 2

*Campbell v. Feld Entm't, Inc.*,
75 F. Supp. 3d 1193, 1212 (N.D. Cal. 2014)....................7

*Clements v. Airport Auth.*,
69 F.3d 321 (9th Cir. 1995) ....................3

*Cleveland Bd. of Educ. V. Loudermill*,
470 U.S. 532 (1985)....................5

*Condon v. Erlandson*,
1994 U.S. App. LEXIS 811 (9th Cir. Jan. 12, 1994)....................6

*Crupi v. City of L.A.*,
219 Cal. App. 3d 1111 (Cal. Ct. App. 1990)....................10

*Ducre v. Veolia Transp.*, CV 10-02358 MMM (AJWx),
2011 U.S. Dist. LEXIS 158897 (C.D. Cal. Mar. 29, 2011)....................9

*Gilbert v. Homar*,
520 U.S. 924 (1997)....................5

*Hangarter v. Provident Life & Accident Ins. Co.*,
373 F.3d 998 (9th Cir. 2004) ....................10

*Hatfield v. City of L.A.*
B208526, 2009 Cal. App (Cal. App. 2d Dist. Oct. 20, 2009). ....................9, 10

*Levitt v. Yelp! Inc.*,
765 F.3d 1123 (9th Cir. 2014) ....................................................................................4

*Otto v. L.A. Unified Sch. Dist.*,
89 Cal. App. 4th 985 (Cal. Ct. App. 2001)..........................................................9

*Qualls v. Cook*,
245 Fed. Appx. 624 (9th Cir. 2007)......................................................................6

*Sanchez v. City of Santa Ana*,
915 F.2d 424 (9th Cir. 1990) ................................................................................5

*Stivers v. Pierce*,
71 F.3d 732 (9th Cir. 1995) ..................................................................................3

*Walker v. City of Berkeley*,
951 F.2d 182 (9th Cir. 1991) ................................................................................3

*Withrow v. Larkin*,
421 U.S. 35 (1975)...........................................................................................2, 3

**Statutes**

Cal. Civ. Code § 52.1 ........................................................................................7, 8

California Government Code § 3304(b) ...........................................................8, 9

Gov't Code § 3303 ....................................................................................................9

**Other Authorities**

Section 1070(b)(1) of the Los Angeles City Charter.........................................4, 7

Section 1070(h) of the Los Angeles City Charter ......................................*passim*

## I. INTRODUCTION

Plaintiff's Opposition (ECF No. 37) to Defendants' Motion to Dismiss (ECF No. 29, "Motion"), standing alone, appears to be defending a different First Amended Complaint ("FAC") than the one on file. The gravamen of the FAC is that Section 1070(h) of the City Charter—which requires that two police officers holding the rank of captain or above (in addition to a civilian member) serve as hearing officers to adjudicate police disciplinary proceedings—violates due process under both the United States Constitution and the California Constitution. (FAC, ¶¶ 1-9; 17-50.) Defendants' Motion addresses this claim head-on, citing case law directly considering this exact issue (*Brown v. City of Los Angeles*, 102 Cal. App. 4th 155 (Cal. App. 2d Dist. 2002)), as well as decisions from the United States Supreme Court and the Ninth Circuit Court of Appeals analyzing similar administrative proceedings. Yet, Plaintiff's Opposition (ECF No. 37) fails to meaningfully address this analysis, nor does it defend the claim. Accordingly, Plaintiff's due process challenge to Section 1070(h) of the Charter should be dismissed with prejudice.

With respect to Plaintiff's remaining causes of action, none of the arguments in the Opposition are persuasive. And since each cause of action fails as a matter of law, amendment would be futile, and the FAC should be dismissed with prejudice.

## II. Argument

### A. Plaintiff Essentially Abandons Its Due Process Challenge To Section 1070(h) Of The Charter (Claims 1-3).

Plaintiff's Opposition haphazardly sets forth various arguments related to its due process claim. None are persuasive.

***First***, Plaintiff's Opposition focuses much of its attention on an esoteric (and entirely irrelevant) discussion of whether the Board of Rights is a "pre-disciplinary" or a "post-disciplinary" proceeding. (Opp. at 2:4-26; 4:14-5:17.) But Plaintiff never explains why this distinction has any impact at all on the central claim in this case—whether Section 1070(h) of the City Charter violates due process. It does not.

***Second***, Plaintiff (belatedly)[1] argues that *Brown v. City of Los Angeles* is distinguishable because it "was not examining the Board of Rights process, but rather a different process to appeal downgrades in pay grade." (Opp. at 6:9-11.) But Plaintiff again fails to explain why this distinction makes any difference. It does not. In *Brown*, the Court of Appeal addressed precisely the same issue raised here, and held that the City's use of officers holding the rank of captain or above as adjudicators in administrative proceedings involving accused police officers does ***not*** violate due process. 102 Cal. App. 4th at 174, 178-79. The decision in *Brown* simply did not turn on the nature of administrative proceeding. Plaintiff also argues that *Brown* is distinguishable because "Plaintiff, here, is not challenging the striking mechanism." (Opp. at 6:27-28.) This is specious; the plaintiff in *Brown* did not challenge the "striking mechanism" either, nor did the decision turn on the mechanics of striking the hearing officers. *Brown*, 102 Cal. App. 4th at 174, 178-79. In sum, *Brown* is directly on point and is fatal to Plaintiff's Section 1070(h) due process claim.

***Third***, Plaintiff attempts to distinguish *Withrow v. Larkin*, 421 U.S. 35 (1975) on the basis that the Supreme Court, while generally holding that the "combination of investigative and adjudicative functions in the same agency does not, standing along, violate due process," acknowledged that courts "'should be alert to the possibilities of bias that may lurk in the way particular procedures actually work in practice.'" (Opp. at 7:7-13 (quoting *Withrow*, 421 U.S. at 54).) But Plaintiff omits the next sentence of the decision: "The processes utilized by the Board, however, do not in themselves contain an unacceptable risk of bias." *Withrow*, 421 U.S. at 54. Thus, in *Withrow*, the Supreme Court focused on whether the "processes" used by the agency contain an "unacceptable risk of bias." As the Supreme Court, the Ninth Circuit Court of Appeals, other federal

[1] Plaintiff's initial Opposition (ECF No. 32) contained just a single page. Subsequently, a second Opposition was filed. (ECF No. 35.) This Opposition omitted any discussion of *Brown*. The following night, Plaintiff filed a third Opposition (ECF No. 37), explaining in a Notice of Errata (ECF No. 36) that the discussion of *Brown* was "inadvertently omitted … from the draft submitted to the court." (*Id*. at 2.)

courts, and the California Court of Appeal all have held in analogous situations, the processes utilized by the City in police disciplinary proceedings do not contain an unacceptable risk of bias. (Mot. at 7-13.) Indeed, Plaintiff does not cite a single case holding that any adjudicative process similar to the City's violates due process.[2] To hold otherwise would make it virtually impossible for agencies to utilize their own employees to adjudicate disciplinary proceedings. *Withrow*, 421 U.S. at 56-57 (noting such processes are "very typical").

***Fourth***, Plaintiff claims that the four state court lawsuits attached to the FAC contain "allegations of undue influence by the chief of police" entitling Plaintiff to "proceed with its case and seek evidence supporting its theory." (Opp. at 1:28-2:3; *id*. at 7:15-16, 10:15-23.) Not so. Plaintiff's "theory" is that LAPD hearing officers cannot serve as impartial adjudicators. (*E.g.*, FAC ¶ 33.) But Plaintiff has not alleged a single factual allegation to support this theory. Instead, these lawsuits actually undermine Plaintiff's claims because in each lawsuit the hearing officer states that he or she voted ***against*** the penalty recommended by the Chief. (Mot. at 13-14.) In fact, the lawsuits actually establish that LAPD hearing officers are capable of serving as neutral decision-makers, conscientiously fulfilling their duty to "provide a fair and adequate hearing to all officers accused of misconduct…." (FAC, Exh. 3 ¶ 13; Exh. 4 ¶ 13.) Plaintiff's Opposition simply ignores these points. In sum, since the factual allegations in the FAC do not plausibly suggest an entitlement to relief, it would be "unfair" to "require [the City]

---

[2] Plaintiff cites three cases where a court held that the hearing officers overseeing administrative proceedings were biased. However, two of the cases involved allegations that the hearing officers had personal animus towards the plaintiff. *Stivers v. Pierce*, 71 F.3d 732, 744 (9th Cir. 1995); *Clements v. Airport Auth.*, 69 F.3d 321, 332-33 (9th Cir. 1995). Plaintiff does not allege such personal animus here. Accordingly, these cases are inapposite. The third case cited by Plaintiff, *Walker v. Berkeley*, 951 F.2d 182, 184-85 (9th Cir. 1991), is distinguishable because the hearing officer in the administrative proceeding also served as the City of Berkeley's attorney in a parallel civil lawsuit filed by the plaintiff against the city. *Id. at* 184-85. No analogous circumstance is alleged here.

to be subjected to the expense of discovery and continued litigation." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quotation marks omitted).

For the reasons stated in the Motion, Plaintiff's due process challenge to Section 1070(h) of the Charter fails as a matter of law. Accordingly, Plaintiff's first, second, and third causes of action should be dismissed with prejudice.

### B. Plaintiff's Due Process Challenge To Section 1070(b)(1) Of The Charter (Claim 2) Fails As A Matter Of Law.

The FAC, in a single paragraph, alleges that Section 1070(b)(1) of the Charter violates due process because its enforcement "routinely—if not invariably—results in police officers who face a proposed suspension in excess of 22 days or termination being placed in all circumstances on unpaid leave ***prior to having any opportunity to respond to the allegations made against them***." (FAC, ¶ 44 (emphasis added).)

However, as explained in the Motion, this claim is directly contradicted by judicially noticeable material establishing that officers have ample opportunity to respond to the allegations made against them before they are placed on unpaid leave. (Mot. at 14:23-15:14 (citing ECF No. 31-3 (Exhibit C to the Declaration of Benjamin Chapman).) Plaintiff does not contest this point, nor does Plaintiff oppose Defendants' request that the court take judicial notice of the LAPD Department Manual. (ECF No. 34.) Accordingly, Plaintiff's due process challenge to Section 1070(b)(1) of the Charter should be dismissed on this basis alone.

Instead, Plaintiff's Opposition sets forth a different claim—that Section 1070(b)(1) violates due process because it results in officers being "placed on unpaid leave after 30 days ***before being given the opportunity of a hearing before the Board of Rights***." (Opp. at 7:10-11 (emphasis added); *id*. at 2:18-23.) But Plaintiff does not cite a single case holding that an employee has a due process right to a full hearing, such as a proceeding before a Board of Rights, prior to being placed on a temporary suspension without pay. To the contrary, as Plaintiff admits, the Supreme Court has explicitly "'rejected the proposition that due process *always* requires the State to provide a hearing prior to the

initial deprivation of property.'" (Opp. at 7:1-3 (quoting *Gilbert v. Homar*, 520 U.S. 924, 930 (1997).) *See also Gilbert*, 520 U.S. at 929-930 (describing "categorical prohibition" on the "suspension of an employee without pay unless that suspension is preceded by some kind of pre-suspension hearing" as "indefensible").

In *Gilbert*, a police officer was arrested and charged with a felony; immediately thereafter, he was suspended without pay pending an investigation into the criminal charges filed against him. *Id*. at 926-27. The officer filed a lawsuit alleging his suspension violated due process because he was not given any notice or an opportunity to be heard prior to his suspension without pay. *Id*. at 928. The Supreme Court rejected the officer's claim, finding he was not entitled to any notice, an opportunity to be heard, or a pre-suspension hearing prior to being placed on a temporary suspension without pay. *Id*. at 933 ("[T]he State had no constitutional obligation to provide [the officer] with a presuspension hearing."). Not surprisingly in light of *Gilbert*, Plaintiff does not cite a single case holding that due process requires a hearing, such as a proceeding before a Board of Rights, prior to a temporary suspension without pay.[3]

In *Gilbert*, the Supreme Court acknowledged that a public employee who could only be terminated for cause is entitled to some due process protections prior to his or her ***termination***, "followed by a more comprehensive post-termination hearing." *Id*. at 929. But the "pretermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story." *Id*. (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Here, the City meets this due process standard because, prior to placing on officer on temporary suspension, the City provides the officer with: (1) oral or written notice of

[3] Plaintiff cites *Sanchez v. City of Santa Ana*, 915 F.2d 424 (9th Cir. 1990). (Opp. at 2:23-26; 6:28.) But there, the court "d[id] not reach the abstract issue of whether [the plaintiff] was entitled to a pre-removal hearing." *Sanchez*, 915 F.2d at 430 n.5. Instead, the court found a due process violation because the plaintiff received "no hearing or an opportunity to be heard at any time." *Id*. at 430. In contrast, here, a suspended officer receives a hearing before a Board of Rights. Accordingly, *Sanchez* is inapposite.

the charges; (2) a copy of the investigative material upon which the proposed disciplinary action is based; and (3) an opportunity for the employee to tell his story. (ECF No. 31-3 (Manual), § 820.30.) And post-suspension, the officer receives a full hearing before a Board of Rights. (Charter, § 1070(b)(1).)

Accordingly, the City's pre-suspension process satisfies due process. *See, e.g.*, *Qualls v. Cook*, 245 Fed. Appx. 624, 626 (9th Cir. 2007) (affirming dismissal of due process claim based on the plaintiff's suspension without pay because "[w]hile no pre-suspension hearing was held, [the plaintiff] did receive written notice and a post-suspension hearing before an impartial hearing officer," and prior to the suspension, the plaintiff was "afforded … an opportunity to be interviewed and to present his side of the story"); *see also Condon v. Erlandson*, 1994 U.S. App. LEXIS 811, at *1-4 (9th Cir. Jan. 12, 1994) (affirming dismissal of claim alleging officer had a due process right to a full evidentiary hearing prior to his suspension, holding that prior to the suspension, the officer "had notice of the charges against him, notice of the Department's proposed punishment, and an opportunity to respond to the charges…. It is undisputed that [the officer] had the option of attending a full post-suspension hearing. The Constitution requires no more.").

Moreover, Plaintiff's Opposition fails to address the fact that its Section 1070(b)(1) claim is unsupported by ***any*** factual allegations. (Mot. at 15:15-16:14.) This failure alone requires dismissal of the claim.

Finally, Plaintiff's pre-disciplinary / post-disciplinary discussion actually undermines Plaintiff's Section 1070(b)(1) claim. According to Plaintiff, if a hearing before a Board of Rights is "post-disciplinary, then the City's position that for officers cleared of wrongdoing all is cured by reinstatement and back pay is probably correct. But if officers are being placed on unpaid leave before any determination has been made by the Board of Rights that they are guilty," then there is a due process violation. (Opp. at 2:12-26.) But Plaintiff's argument confuses the discipline at issue. This claim challenges the ***suspension*** of an officer; thus, the suspension is the "discipline." Accordingly, a hearing before a Board of Rights is obviously "post-disciplinary" in this context because

the officer has already been placed on suspension. As Plaintiff admits, there is simply nothing about this unremarkable process that violates due process.

**C. Plaintiff's Civil Code § 52.1 Claim (Claim 4) Fails As A Matter Of Law.**

As explained in the Motion, Plaintiff's claim for alleged violations of California Civil Code § 52.1 fails as a matter of law. (Mot. at 16-19.) None of the arguments in the Opposition are persuasive.

***First***, Plaintiff concedes that this claim rises or falls with its due process claims. (Opp. at 9:5-6.) Because its due process claims fail as a matter of law, Plaintiff's Section 52.1 claim should be dismissed as well. *Campbell v. Feld Entm't, Inc.*, 75 F. Supp. 3d 1193, 1212 (N.D. Cal. 2014).

***Second***, Plaintiff's Section 52.1 claim fails because Plaintiff does not, and cannot, allege that ***it*** (as opposed to its members) has been subjected to interference with ***its*** constitutional rights through threats, intimidation, or coercion. (Mot. at 16:27-17:12.) Indeed, the plain language of Section 52.1, as noted by every court that has interpreted this provision, specifically requires that "an individual" bring an action "in his own name and on his own behalf." (Cal. Civ. Code § 52.1(b)); *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal. App. 4th 141, 144 (Cal. App. 1st Dist. 1995). Plaintiff's sole rejoinder is that it has "associational standing" to bring claims on behalf of its members. (Opp. at 10-11.) Yet, Plaintiff does not cite a single case holding either that associational standing is sufficient to meet the requirements of Section 52.1 or that a union may pursue a Section 52.1 claim on behalf of its members.[4]

***Third***, the Opposition specifies that Plaintiff's Section 52.1 claim focuses on the alleged behavior of Chief Beck, rather than the City's enforcement of the Charter. (Opp. at 9:27-10:14.) Plaintiff claims that the "FAC is replete with factual allegations

[4] In its Opposition, Plaintiff "requests leave to amend to add individual plaintiffs." (Opp. at 10:22-24.) But this is simply the wrong legal proceeding to determine whether the Constitutional rights of individual officers were violated in specific Board of Rights proceedings. Rather, officers can bring their "personal" Section 52.1 claims in separate lawsuits before the state courts, if they choose.

illustrating the existence of intimidation and coercion to captains who have gone against the Chief's recommended actions while serving on the Board of Rights." (Opp. at 10:7-9.) But as explained in the Motion, the alleged intimidation and coercion involves ***speech*** (Mot. at 18:10-20), and Section 52.1 makes clear that "[s]peech alone is not sufficient to support an action … except upon a showing that the speech itself threatens violence against a specific person or group of persons…." (Cal. Civ. Code § 52.1(j).) However, the Opposition does not identify a single action that is not speech-related.

***Fourth***, Plaintiff's Opposition does not address Defendants' argument that Plaintiff's request for "damages" cannot be maintained absent individualized proof of harm to specific officers. (Mot. at 18:21-19:12.) Accordingly, at a minimum, Plaintiff's request for damages (FAC, ¶ 53; Prayer for Relief, ¶ 5) must be dismissed.

**D. Plaintiff's Argument In Support Of Its Government Code § 3304(b) Claims (Claims 6 And 7) Ignores The Plain Language Of The Statute.**

As explained in the Motion, the City complies with Government Code § 3304(b) because a hearing before a Board of Rights ***is*** an administrative appeal following a "punitive action" taken by the Chief of Police. (Mot. at 20-22.) This conclusion is supported by the plain language of the statute, as well as case law interpreting Government Code § 3304(b). The Opposition does not directly address either argument.

Instead, Plaintiff simply opines that under Government Code § 3304(b), the City is required to provide "an administrative appeal from a ***disciplinary action***." (Opp. at 1:20 (emphasis added).) Plaintiff further contends that a "*recommendation* by the chief of a lengthy suspension or termination is not a ***disciplinary decision*** because Section 1070 does not authorize the chief to impose either sanction." (Opp. at 1:21-24 (emphasis added).) According to Plaintiff, because a decision by the Board of Rights is "the initial disciplinary decision," it cannot be an appeal under Government Code § 3304(b). (Opp. at 8:17-21.)

This argument, however, is simply beside the point because Government Code § 3304(b) does not refer to "disciplinary" actions or decisions. Rather, it refers to punitive

actions: "[n]o punitive action … shall be undertaken by any public agency against any public safety officer … without providing the public safety officer with an opportunity for administrative appeal." (Gov't Code § 3304(b).) A "punitive action" is defined as "any action that ***may lead*** to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment." (Gov't Code § 3303 (emphasis added).) As the California Court of Appeal has held, a "punitive action, sufficient to trigger an officer's administrative appellate rights, may exist when action is taken which *may* lead to the adverse consequences specified in [Gov't Code] section 3303 at some *future time*." *Otto v. L.A. Unified Sch. Dist.*, 89 Cal. App. 4th 985, 996 (Cal. App. 2d Dist. 2001). Thus, a "recommendation" by the Chief of Police to suspend or terminate an officer is a "punitive action" as defined by Government Code § 3303 because it may lead to an adverse consequence in the future. And accordingly, whether this "recommendation" is a "disciplinary decision" is simply irrelevant because Government Code § 3303 "does *not* require a showing that an adverse employment consequence has occurred or is likely to occur." *Id*. at 997.

This conclusion is supported by the Court of Appeal's opinion in *Hatfield v. City of L.A.*, 2009 Cal. App. Unpub. LEXIS 8361 (Cal. App. 2d Dist. Oct. 20, 2009), in which the Court of Appeal rejected the exact argument Plaintiff asserts here. *Id*. at *27-31. Plaintiff attempts to attack *Hatfield* by claiming that the Court of Appeal's analysis is contained in a "mere fleeting sentence" and is "non-persuasive" because it is an "unpublished California appellate decision." (Opp. at 9:18-20.) Neither argument has merit. First, the opinion addresses this issue over six paragraphs, not a "mere fleeting sentence." Second, it is well established that "[d]istrict courts may rely on unpublished state court decisions as persuasive authority." *Ducre v. Veolia Transp.*, 2011 U.S. Dist. LEXIS 158897, at *84 n.204 (C.D. Cal. Mar. 29, 2011); *see also Am. Alternative Ins. Corp. v. Am. Prot. Ins. Co.*, 2013 U.S. Dist. LEXIS 41992, at *5 n.1 (E.D. Cal. Mar. 22, 2013) ("Plaintiff states that consideration of ... unpublished cases is inappropriate because they have no precedential value and cannot be cited by California courts. However, this Court is not bound by

California's rule against citation to unpublished cases, and may consider unpublished California appellate cases as persuasive authority.").[5]

The only case cited by Plaintiff in support of its argument is a state trial court decision involving the City of San Francisco that (presumably) reached a different result than *Hatfield*. (Opp. at 8:22-25.) But the statement of decision does not contain any facts from which its relevance to our case, if any, can be ascertained. And Plaintiff does not cite any law holding that a state trial court ruling—which is currently on appeal—is persuasive authority, nor does Plaintiff explain why a federal court should prefer a state trial court ruling to an opinion of the California Court of Appeal. *See*, *e.g*., *Hangarter v. Provident Life & Accident Ins. Co*., 373 F.3d 998, 1012-1013 (9th Cir. 2004) ("The California Court of Appeal's announcement of a rule of law is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." (internal quotation marks omitted)).

**E. All Claims Against Chief Beck Should Be Dismissed With Prejudice.**

Plaintiff does not dispute that Chief Beck is a redundant defendant. (Mot. at 23:14-27.) Rather, Plaintiff "seeks leave to amend its Complaint to name ***either*** the City ***or*** Chief Beck, in his official capacity, as defendant" ***or*** to "otherwise name Chief Beck in his individual capacity." (Opp. at 12:3-6 (emphasis added).) But Plaintiff fails to present any facts which, if properly pled, would support either proposed amendment. Nor does Plaintiff explain its failure to name Chief Beck in his individual capacity in either the original or first amended complaint. *See, e.g.*, *Allen v. City of Beverly Hills*, 911 F.2d 367,

[5] Plaintiff also argues that *Crupi v. City of L.A.*, 219 Cal. App. 3d 1111 (Cal. App. 2d Dist. 1990) is distinguishable because the court only considered "whether the plaintiff had been given an opportunity to pursue an administrative appeal." (Opp. at 8:8-9.) But this is precisely the point—the court explicitly held that the plaintiff was given an opportunity to pursue an administrative appeal because the chief of police's disciplinary recommendation "would be adjudicated by a board of rights," which is an administrative appeal under Government Code § 3304(b). *Crupi*, 219 Cal. App. 3d at 1120. *Crupi* is directly on point.

374 (9th Cir. 1990) ("[A] district court does not abuse its discretion in denying a motion to amend a complaint … when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to develop his contentions originally." (quotation marks omitted)). Accordingly, this request should be rejected.

## III. CONCLUSION

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen*, 911 F.2d at 373 (quotation marks omitted). Here, Plaintiff has previously amended its complaint. (ECF No. 11.) Moreover, since each of the FAC's causes of action fail as a matter of law, "any further amendment to the complaint would … prove futile." *Id.* at 373-74. Accordingly, Plaintiff's FAC should be dismissed with prejudice.

Dated: August 15, 2016

OFFICE OF THE CITY ATTORNEY OF LOS ANGELES

By:

*/s/ Benjamin Chapman*

Benjamin Chapman

Attorneys for Defendants
CITY OF LOS ANGELES and CHARLES BECK